UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREGORY D. ROSE, | CASE NO. 1:10CV2940 |
| Petitioner, | |
| | JUDGE SARA LIOI |
| v. | Magistrate Judge George J. Limbert |
| BENNIE KELLY, Warden, | |
| | REPORT AND RECOMMENDATION |
| Respondent. | OF MAGISTRATE JUDGE |

On December 27, 2010, Gregory D. Rose ("Petitioner"), pro se, filed his second petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief from a judgment of conviction entered by the Cuyahoga County, Ohio Court of Common Pleas for two counts of felonious assault in violation of Ohio Revised Code § 2903.11 and one count of possessing a weapon while under disability in violation of Ohio Revised Code § 2923.13. ECF Dkt. #6-2 at 1-4. Judge Lioi referred this case to the undersigned to issue a report and recommendation.

For the following reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's complaint as untimely and dismiss the instant petition in its entirety. ECF Dkt. #6.

**I.   FACTUAL HISTORY**

The Eighth District Court of Appeals, Cuyahoga County, Ohio, provides the factual account of this case on direct appeal. Petitioner has the burden to provide clear and convincing evidence to rebut the presumption that the given facts are incorrect. 28 U.S.C. § 2254(e)(1). As set forth by the Eighth District Court of Appeals, the facts are:

> The state offered evidence showing that a 911 caller reported a male outside the street "beating a woman with a gun * * *." Among those dispatched to the scene were Officer Laura Bell and her partner. When they arrived, Bell noticed Rose running between two houses. She testified that she and her partner split up-she ran up a narrow, grassy space between the houses and her partner ran up in the

driveway. A fence enclosed the yard, cutting off Rose's ability to escape. As Bell turned the corner of the house, she testified that she almost ran into Rose, who was holding a firearm in one hand and "fumbling with the fence." Finding herself without cover, she pointed her gun at Rose and ordered him to drop his gun. Bell saw Rose point the gun at her and pull the trigger, so she responded by firing two shots at him. She saw Rose again pull the trigger, and responded by firing three more shots. Bell began backing up to find cover, and fired all of her rounds in the process. She tried to switch ammunition cartridges, but her gun malfunctioned, preventing her from reloading the gun.

Officer Shawn Howard came upon Bell's position as she was attempting to reload her gun. He saw Rose standing near the side of the house, with his chest up against the house and pointing a firearm in their direction. Howard could not shoot because Bell was in his line of fire as she moved backward to find cover. He told Bell to "drop," and once she did, he fired two rounds from his service shotgun. Rose then opened the gate to the fence and went into the backyard of a house.

Police Sergeant Brian Miller testified that he was manning the supervisor's car during his shift and responded to the scene. He saw Rose coming down a driveway, running slowly and carrying a gun in his hand. Miller watched Rose change directions and run back up the driveway. Miller exited his vehicle and heard gunfire, with a woman's voice yelling "drop the gun." He flanked Rose's position and entered a backyard, placing Rose between him and officers Bell and Howard. Miller said that Rose was standing along the side of the house with his gun pointed upward. Miller's position put officers Bell and Howard in his line of fire, so he tried to obtain a better position. As he did so, Rose went through the gate and walked to the back door of the house. Miller said Rose tried to force his way into the back door of the house, but failed. Rose turned with the gun held up, "at a ready position[.]" Rose had not seen Miller, but Miller became concerned that if Rose did see him, he would be in a compromising position. Miller then fired two shots at Rose. Rose fell to the ground, dropping the gun.

Rose was struck by shotgun fragments along his right side, from the elbow to just below his knee. No other rounds struck him. One of the emergency medical technicians ("EMT") who responded to the scene said that Rose was ambulatory and in handcuffs when he arrived. The EMT described Rose as "uncooperative" and said that when he asked Rose why he did not drop the gun as ordered, Rose said, "well, they had guns, so why should I?" Another EMT testified that in response to her inquiry as to how he sustained his wounds, Rose said "he was fighting with his girlfriend, that he had a gun, that he did not put it down, and that he was shot by the police, because he did not put the gun down." Rose also told the EMTs that he was under the influence of alcohol and marijuana.

The gun recovered from Rose had four spent bullet casings in the cylinder, along with two live rounds. A police detective testified that if a spent casing were chambered, the gun would not fire. The detective also stated that it was possible that Rose could have pulled the trigger of the gun only partially so that the hammer would strike the ignition chamber of the gun, but not with enough force to ignite the primer and discharge the round.

Rose defended on the theory that he did not possess a gun at any time during the confrontation, and that the absence of blood on the scene suggested that the police planted the gun after he had been shot.

2

ECF Dkt. #6-2 at 169-170.

## II.     PROCEDURAL HISTORY

### A.     STATE COURT

#### 1.     Trial Court

During its May 2006 Term, the Cuyahoga County grand jury indicted Petitioner on three counts of felonious assault in violation of Ohio Revised Code § 2903.11 with firearm, prior conviction and repeat violent offender specifications, and one count of having a weapon while under disability in violation of Ohio Revised Code § 2923.13.  ECF Dkt. #6-2 at 1-4.  On January 24, 2007, the Cuyahoga County Court of Common Pleas sentenced Petitioner to eighteen years in prison following convictions on two of the felonious assault counts, with two of the firearm specifications, one prior conviction specification, and one repeat offender specification, and the one count of possession of a weapon while under disability.  ECF Dkt. #6-2 at 8.

#### 2.     Direct Appeal

Petitioner filed an appeal with the Court of Appeals of Cuyahoga County, Ohio, Eighth Appellate District on February 21, 2007.  ECF Dkt. #6-2 at 9.  In his appellate brief filed on August 22, 2007, Petitioner asserted the following eight assignments of error:

> I.    APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO MOVE, PURSUANT TO THE SPEEDY TRIAL PROVISION OF THE OHIO REVISED CODE, FOR THE DISMISSAL OF THE INDICTMENT, AFTER APPELLANT WAS IN JAIL AWAITING TRIAL IN THIS CASE FOR A PERIOD EXCEEDING NINETY DAYS.
>
> II.   APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL DID NOT REQUEST THE COURT TO INSTRUCT THE JURY THAT IF THEY BELIEVED NO MORE OF THE TESTIMONY THAN ROSE MERELY POINTED THE GUN AT OFFICER BELL OR OFFICER HOWARD, THEN THAT EVIDENCE WAS INSUFFICIENT TO PROVE FELONIOIUS ASSAULT, AS TO THAT OFFICER, AND APPELLANT MUST BE FOUND "NOT GUILTY."
>
> III.  APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE COURT PROCEEDED TO TRIAL WITHIN TWO WEEKS AFTER THE DEFENSE INFORMED THE JUDGE IT WAS NOT PREPARED TO PROCEED BECAUSE NO INTERVIEWS

    HAD BEEN CONDUCTED, AND THE PROSECUTION HAD YET TO PROVIDE DISCOVERY CONCERNING THE ADDRESSES AND PHONE NUMBERS OF MORE THAN FIFTY WITNESSES.

 IV. THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY THAT IF THEY BELIEVED ROSE ONLY POINTED THE GUN AT OFFICER BELL OR OFFICER HOWARD, THEN THAT EVIDENCE WAS INSUFFICIENT TO PROVE FELONIOUS ASSAULT AND APPELLANT MUST BE FOUND "NOT GUILTY."

 V. THE VERDICTS FINDING APPELLANT GUILTY OF FELONIOUS ASSAULT WERE NOT SUPPORTED BY EVIDENCE SUFFICIENT TO JUSTIFY FINDINGS OF GUILT BEYOND A REASONABLE DOUBT.

 VI. THE GUILTY VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO LAW.

 VII. THE APPELLANT'S DUE PROCESS RIGHT WAS VIOLATED WHEN THE TRIAL COURT PERMITTED THE JURY TO HEAR A 911 TAPE WHICH "TESTIFIED" ABOUT APPELLANT'S ALLEGED PAST CRIMINAL CONDUCT.

 VIII. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADMITTED A 911 TAPE WHICH GAVE AN OPINION ABOUT APPELLANT'S ALLEGED PAST CRIMINAL CONDUCT AS AN EXCITED UTTERANCE.

ECF Dkt. #6-2 at 11-12.

On March 20, 2008, the Court of Appeals of Ohio, Eighth Appellate District, affirmed Petitioner's conviction and sentence. ECF Dkt. #6-2 at 71. Petitioner appealed the ruling of the appellate court to the Supreme Court of Ohio on May 5, 2008. ECF Dkt. #6-2 at 82. On September 10, 2008, the Supreme Court of Ohio declined jurisdiction to hear Petitioner's case and dismissed Petitioner's appeal as not involving any substantial constitutional questions. ECF Dkt. #6-2 at 111.

### 3. State Court Post-Conviction Petition

On November 3, 2008, Petitioner filed a petition for post-conviction relief in the trial court and alleged the following twelve grounds for relief:

 I. THE GUILTY VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO LAW.

 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL AS TO THE CHARGES, WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION. SEE STATE V. ROBINSON, (1955), 162 OHIO ST.

>
> 486, 550.0388 [SIC], 124 N.E.2D 148. IN ADDITIONALLY [SIC], A CONVICTION BASED ON LEGALLY INSUFFICIENT EVIDENCE CONSTITUTES A DENIAL OF DUE PROCESS. TIBBS V. FLORIDA (1982) 457 U.S. 31, 45, 102 S.Ct. 211, 2220, 72 L.ED.2D 652, 663 VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO LAW.

III. THE TRAIL [SIC] COURT ERRED WHEN IT SENTENCED APPELLANT CONSECUTIVELY ON A FIREARM SPECIFICATION AND WHILE HAVING WEAPON UNDER DISABILITY, WHEN BOTH CHARGES REQUIRES [SIC] THE SAME ELEMENTS. SEE 2929.71.

IV. COUNCIL [SIC] WITH REASONABLE KNOWLEDGE OF CRIMINAL LAW WOULD HAVE CHALLENGED THESE ISSUES; APPELLANT'S FUNDAMENTAL RIGHT TO A FAIR TRIAL WAS VIOLATED BECAUSE THE DISCREDITED TESTIMONY OF TWO POLICE OFFICERS SUBSTANTIALLY CONTRIBUTED HIS CONVICTION [SIC], CONSTITUTING AN INFRINGEMENT UPON THE INTEGRITY OF THE COURT SUFFICIENT TO VACATE THE CONVICTION AND REMAND THE CASE FOR RETRIAL. STATE V. DEFRONO, 394 n.e.2D 1027 (1978).

V. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO MOVE, PURSUANT TO THE SPEEDY TRAIL [SIC] PROVISION OF THE OHIO REVISED CODE, FOR THE DISMISSAL OF THE INDICTMENT, AFTER APPELLANT WAS IN JAIL AWAITING TRIAL IN THIS CASE FOR A PERIOD EXCEEDING NINETY DAYS.

VI. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRAIL [SIC] COUNSEL DID NOT REQUEST THE COURT TO INSTRUCT THE JURY THAT IF THEY BELIEVED NO MORE OF THE TESTIMONY THAN APPELLANT ROSE MERELY POINTED THE GUN AT OFFICER BELL OR OFFICE [SIC] HOWARD, THEN THAT EVIDENCE WAS INSUFFICIENT TO PROVE FELONIOUS ASSAULT, AS TO THAT OFFICER, AND APPELLANT MUST BE FOUND "NOT GUILTY."

VII. THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY THAT IF THEY BELIEVED ROSE ONLY POINTED THE GUN AT OFFICER BELL OR OFFICER HOWARD, THEN THAT EVIDENCE WAS INSUFFICIENT TO PROVE FELONIOUS ASSAULT AND APPELLANT MUST BE FOUND "NOT GUILTY."

VIII. THE VERDICTS FINDING APPELLANT GUILTY OF FELONIOUS ASSAULT WERE NOT SUPPORTED BY EVIDENCE SUFFICIENT TO JUSTIFY FINDINGS OF GUILT BEYOND A REASONABLE DOUBT.

IX. THE GUILTY VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO LAW.

X. THE APPELLANT'S DUE PROCESS RIGHT WAS VIOLATED WHEN THE TRIAL COURT PERMITTED THE JURY TO HEAR A 911 TAPE

>      WHICH "TESTIFIED" ABOUT APPELLANT'S ALLEGED PAST CRIMINAL CONDUCT.
>
> XI.  THE TRAIL [SIC] COURT ABUSED ITS DISCRETION WHEN IT ADMITTED A 911 TAPE WHICH GAVE AN OPINION ABOUT APPELLANT'S ALLEGED PAST CRIMINAL CONDUCT AS AN EXCITED UTTERANCE.
>
> XII. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELANT TO EIGHTEEN YEARS IN PRISON FOR FELONIOUS ASSAULT CHARGES, A SENTENCE DISPARITY.

ECF Dkt. #6-2 at 117-132. The state subsequently filed a motion for summary judgment on November 13, 2008, and Petitioner filed a motion for summary judgment on January 6, 2009 asserting similar grounds for relief as those mentioned in his petition for post-conviction relief. ECF Dkt. #6-2 at 137, 146.

On January 28, 2009, the Cuyahoga County Court of Common Pleas declined jurisdiction to review Petitioner's post-conviction relief petition due to Petitioner's untimely filing and "fail[ure] to present clear evidence that he was prevented from discovering facts upon which his petition is based or that no reasonable fact finder would have found him guilty of the offenses charged." ECF Dkt. #6-2 at 154. Accordingly, the court denied Petitioner's motion for summary judgment and granted the government's motion for summary judgment. *Id*. Alternatively, the court denied Petitioner's petition based upon res judicata, finding that Petitioner presented the same grounds for relief that he had presented in his petition before the appellate court. *Id.*

#### **4**. **Motion to Reopen Appeal**

On September 2, 2010, Petitioner, through counsel, filed a motion to reopen his appeal pursuant to Ohio Appellate Rule 26(b). ECF Dkt. #6-2 at 157. On September 29, 2010, the Eighth District Court of Appeals denied Petitioner's motion to reopen his appeal after he failed to show good cause for his untimely filing of the motion. ECF Dkt. #6-2 at 193.

### **B.** **FEDERAL COURT**

#### **1**. **First Federal Habeas Corpus Petition**

On September 9, 2009, after the Cuyahoga County Court of Common Pleas declined jurisdiction to review his post-conviction relief petition, Petitioner filed a federal habeas corpus petition in this Court in Case Number 1:09CV2084 seeking relief from his state court conviction.

ECF Dkt. #1 in Case No. 1:09CV2084. Petitioner presented the following four grounds for relief:

| | | |
|---|---|---|
| | GROUND ONE: | Petitioner was denied the effective assistance of counsel at trial and on appeal. |
| | Supporting Facts: | Petitioner's oral statements following his arrest were clearly indicative of his psychosis at the time of the incident. Further, Petitioner had two prior psychiatric hospitalizations for psychotic events, a history of delusions and hallucinations and treatment with anti-psychotic medications. Despite all these facts, his counsel did not enter of [sic] NGRI plea on his behalf, ensure that the court psychiatric clinic had complete medical records of petitioner's history or request an independent psychiatric evaluation when the court clinic failed to recognize his mental illness. These omissions constituted ineffective assistance. Trial counsel also failed to raise a speedy trial objection, failed to request a jury instruction that merely pointing the gun was insufficient to prove intent to comit [sic] felonious assault and failed to object to the 911 tape, the improper sentence or to adequately challenge the evidence against Petitioner. |
| | GROUND TWO: | Petitioner's federal constitutional due process rights and rights to a fair trial by an unbiased jury were violated when the jury was permitted to hear the highly prejudicial statements made by 911 callers. |
| | Supporting facts: | The jury was permitted to hear a 911 tape in which a caller described petitioner as "crazy" and opined that petitioner would shoot at the police. This evidence caused unfair prejudice and violated petitioner's due process rights. |
| | GROUND THREE: | Petitioner's federal constitutional right to speedy trial was violated when he was held in lieu of bail for well over 90 days. |
| | Supporting facts: | Although Petitioner was arrested in April and never made bail or executed a waiver of his speedy trial rights, he was not brought to trial until November 30. |
| | GROUND FOUR: | There was insufficient evidence to support the conviction. |
| | Supporting facts: | There was no credible evidence at trial that petitioner attempted to cause physical harm because he merely pointed the gun without squeezing the trigger. Because the evidence at trial was not sufficient to prove petitioner's guilt of felonious assault beyond a reasonable doubt, his convictions must be vacated. |

ECF Dkt. #1 at 5-10, 13 in Case No. 1:09CV2084.

On July 2, 2010, the undersigned issued a Report and Recommendation in Case Number 1:09CV2084 recommending that the Court dismiss Petitioner's petition in its entirety without prejudice unless Petitioner elected to waive his unexhausted state claim of ineffective assistance of appellate counsel. ECF Dkt. #11 in Case No. 1:09CV2084. Judge Lioi adopted the recommendation on July 23, 2010 and granted Petitioner until August 9, 2010 to indicate to the Court in writing whether he wished to proceed with his federal habeas corpus claims and waive his unexhausted claim or face dismissal of his entire federal habeas corpus petition without prejudice. ECF Dkt. #12 in Case No. 1:09CV2084.

On August 10, 2010, this Court dismissed Petitioner's federal habeas corpus petition without prejudice due to his failure to timely respond to the Court's Order regarding his desire to waive his remaining state claim. ECF Dkt. #12 in Case No. 1:09CV2084.

On October 5, 2010, after Judge Lioi had dismissed his federal habeas corpus petition in Case Number 1:09CV2084, Petitioner filed a notice of his exhaustion of state remedies in that case. ECF Dkt. #s14, 15 in Case No. 1:09CV2084. On October 8, 2010, Judge Lioi issued an Order acknowledging Petitioner's notice, but deemed it untimely filed as she had already dismissed Petitioner's federal habeas corpus petition. ECF Dkt. #15 in Case No. 1:09CV2084. The Court indicated that if Petitioner believed that he had successfully exhausted his state court remedies, he would need to file a new lawsuit. *Id.*

On September 7, 2011, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in Case Number 1:09CV2084. ECF Dkt. #16 in Case No. 1:09CV2084. Petitioner stated the basis of his request as the fact that his former counsel, Margaret Amer Robey, did not receive electronic notice of Judge Lioi's October 10, 2010 Order dismissing his case. *Id.* Petitioner indicated that upon learning of the dismissal, Attorney Margaret Amer Robey filed a subsequent federal habeas corpus petition. *Id.* That

8

Petition is the instant federal habeas corpus petition[1].  *Id*.; *see also* Case No. 1:10CV2940.

## 2. **Instant Federal Habeas Corpus Petition**

On December 30, 2010, Petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of federal habeas corpus.  ECF Dkt. #1.  Petitioner essentially restated the four grounds for relief enumerated in his September 9, 2009 petition.  Those grounds are:

> GROUND ONE: Petitioner was denied the effective assistance of counsel at trial and on appeal.
>
> Supporting Facts: Petitioner's oral statements following his arrest were clearly indicative of his psychosis at the time of the incident.  Further, Petitioner had two prior psychiatric hospitalizations for psychotic events, a history of delusions and hallucinations and treatment with anti-psychotic medications.  Despite all these facts, his counsel did not enter of [sic] NGRI plea on his behalf, ensure that the court psychiatric clinic had complete medical records of petitioner's history or request an independent psychiatric evaluation when the court clinic failed to recognize his mental illness.  These omissions constituted ineffective assistance.  Trial counsel also failed to raise a speedy trial objection, failed to request a jury instruction that merely pointing the gun was insufficient to prove intent to convict [sic] felonious assault and failed to object to the 911 tape, the improper sentence or to adequately challenge the evidence against Petitioner.
>
> GROUND TWO: Petitioner's federal constitutional due process rights and rights to a fair trial by an unbiased jury were violated when the jury was permitted to hear the highly prejudicial statements made by 911 callers.
>
> Supporting facts: The jury was permitted to hear a 911 tape in which a caller described petitioner as "crazy" and opined that petitioner would shoot at the police.  This evidence caused unfair prejudice and violated petitioner's due process rights.
>
> GROUND THREE: Petitioner's federal constitutional right to speedy trial was violated when he was held in lieu of bail for well over 90 days.
>
> Supporting facts: Although Petitioner was arrested in April and never made bail or executed a waiver of his speedy trial rights, he was not brought to trial until November 30.

---

[1]Petitioner mistakenly refers to Case Number 1:10CV2930 as the subsequent petition, but a review of the Electronic Court Filing System shows only the 1:09CV2084 case and the instant case, which is 1:10CV2940.

>    GROUND FOUR: There was insufficient evidence to support the conviction.
>
>    Supporting facts: There was no credible evidence at trial that petitioner attempted to cause physical harm by merely pointing the gun without squeezing the trigger. Because the evidence at trial was not sufficient to prove petitioner's guilt of felonious assault beyond a reasonable doubt, his convictions must be vacated.

## III.  PROCEDURAL BARRIER TO REVIEW - STATUTE OF LIMITATIONS

### A.  AEDPA STATUTE OF LIMITATIONS

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. In *Daniels v. United States*, Justice O'Connor noted, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). In his motion to dismiss Petitioner's federal habeas corpus petition, Respondent asserts that Petitioner's instant petition is barred by the statute of limitations in 28 U.S.C. § 2244(d) and thus the Court should dismiss the petition. ECF Dkt. #6.

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S. § 2244 which provides:

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of--
>
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (d)(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Thus, the AEDPA statute of limitations begins to run when a petitioner's conviction becomes final and the limitations period expires one year from that date. The statute of limitations is also tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. § 2244(d)(2). A state postconviction petition or other collateral state relief such as a motion to reopen are not considered properly filed within the meaning of § 2244(d)(2) when the state court rejects such petitions as untimely filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Further, the "tolling provision does not . . . 'revive' the limitations period (i.e. restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

In this case, the state court sentenced Petitioner on January 24, 2007 and Petitioner filed timely appeals to both the Ohio appellate court and the Ohio Supreme Court. ECF Dkt. # 6-2 at 9, 82. After the Ohio Supreme Court dismissed Petitioner's direct appeal on September 10, 2008, Petitioner had ninety days in which to seek certiorari from the United States Supreme Court. *See* Sup. Ct. R. 13. Even though Petitioner did not seek a writ of certiorari, this time period counts toward direct review. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Since Petitioner did not seek certiorari from the United States Supreme Court but was still entitled to the ninety-day time period, the date on which his judgment became final was December 9, 2008. Thus, Petitioner's time to file his federal habeas corpus petition expired one year later, on December 9, 2009, absent any tolling.

Petitioner filed a state post-conviction relief petition on November 3, 2008 and a motion to reopen his appeal on September 2, 2010. ECF Dkt. #6-2 at 112. However, both the state trial

11

court and the appellate court denied these filings because of untimeliness. ECF Dkt. #6-2 at 154, ECF Dkt. #6-2 at 193. Thus, they were not properly filed under § 2244(d)(2) and did not serve to toll the AEDPA statute of limitations. *Pace*, 544 U.S. at 510.

Petitioner also filed a previous § 2254 habeas corpus petition. *See* ECF Dkt. #1 in Case No. 1:09CV2084. However, the filing of this petition does not affect the tolling of the AEDPA statute of limitations on the instant petition because tolling of a federal habeas corpus petition only occurs during "the pursuit of state remedies and not during the pendency of applications for federal review." *Duncan v. Walker*, 533 U.S. 167, 180 (2001). Thus, the statute of limitations expired on December 9, 2009 and Petitioner filed the instant petition on December 30, 2010, well after the statute of limitations expired.

### B. EQUITABLE TOLLING

Petitioner, through counsel, acknowledges that the instant petition does not meet the AEDPA statute of limitations. ECF Dkt. #8 at 7. However, Petitioner and his counsel state that counsel did not receive Judge Lioi's August 10, 2010 Order dismissing his first federal habeas corpus petition or her October 8, 2010 Order acknowledging Petitioner's notice of exhaustion of state court remedies but indicating that she had already dismissed his case without prejudice. ECF Dkt. #8 at 11. Petitioner seeks to apply mandatory equitable tolling principles under *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005) and general equitable tolling principles under *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1998) to allow review of his instant federal habeas corpus petition.

The Sixth Circuit has developed a form of mandatory equitable tolling in cases where a federal habeas corpus petition containing both exhausted and unexhausted claims has been dismissed without prejudice near or after the expiration of the AEDPA one-year limitations period. The Court in *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005), reaffirmed its holding in *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002) that courts should automatically consider refiled federal habeas corpus petitions timely where the petitioner is diligent in exhausting the unexhausted claim in state court after dismissal by the federal court and in then refiling his federal habeas corpus petition upon exhaustion in state court. *Parker v. Sheets*, No. 1:07CV386,

2008 WL 5770468, at *8 (N.D. Ohio Jan. 29, 2008), citing and quoting *Griffin*, 399 F.3d at 631 and *Palmer*, 276 F.3d 777. The *Griffin* Court "re-affirmed the *Palmer* court's holding that mandatory equitable tolling of the one-year habeas limitations period would apply where a petitioner filed his unexhausted claim in state court within 30 days after dismissal from federal court and re-filed the exhausted claim in federal court within 30 days after exhaustion." *Parker*, 2008 WL 5770468 at *8.

As to the general principles of equitable tolling, the Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphrey*s, 209 F.3d 552, 560-61 (6th Cir. 2000); *Jurado*, 337 F.3d at 642. The Sixth Circuit had previously directed the courts to apply the five factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988), to determine whether to equitably toll the limitations period for filing a federal habeas corpus petition. *See Keenan v. Bagley,* 400 F.3d 417, 421 (6th Cir.2005); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.2004); *Dunlap v. U.S.*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). The *Andrews* factors are: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews*, 851 F.2d at 151. The Sixth Circuit has held that these factors are not comprehensive, and that courts must consider equitable tolling claims on a case-by-case basis. *Keenan*, 400 F.3d at 421, citing *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2005).

However, in *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), the Sixth Circuit applied a two-factor test that the United States Supreme Court recently identified in *Holland v. Florida*, - - - U.S. - - -130 S.Ct. 2549, 2563, to analyze whether equitable tolling should apply. In *Robertson*, the Sixth Circuit held that a petitioner must show that "(1) he diligently pursued his appellate rights and (2) some extraordinary circumstance prevented timely filing" in order to equitably toll the limitations period for filing a federal habeas corpus petition. 624 F.3d 781, 784 (6th Cir. 2010), 624 F.3d 781, 784 (6th Cir. 2010), quoting *Holland,* 130 S.Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). In *Robinson v. Easterling*, the Sixth Circuit noted that prior to *Holland*, the Court had applied the five factor test in *Andrews/Dunlap*, but held that the Supreme Court's

13

decision in Holland "clarified that requests for tolling under AEDPA are reviewed under a two-part test."  424 Fed. App'x 439, 442 (6th Cir. 2011), unpublished, citing *Robertson*, 624 F.3d at 784 (citing *Holland*, 130 S.Ct. at 2562).

Egregious cases involving an attorney's failure to comply with professional standards of conduct may constitute an extraordinary circumstance under the two-part test.  *See Holland*, 130 S.Ct. at 2562-63 (extraordinary circumstances existed when petitioner's attorney failed to file petition on time, failed to research the proper filing date, failed to inform petitioner in timely manner that a court had decided his case, and failed to communicate with petitioner despite letters and pleas by petitioner); *Roberston*, 624 F.3d at 784-85 (remand to district court to determine whether extraordinary circumstances existed where attorney used cocaine and possibly misadvised petitioner which may have affected his ability to file a timely habeas petition).  Extraordinary circumstances have also been found when petitioners "face a substantial, involuntary delay in learning about the status of their appeals."  *Robinson v. Easterling*, 424 Fed. App'x 439, 442 (6th Cir. 2011), unpublished, citing *Holland*, 130 S.Ct. At 2562-65; *Gordon v. England*, 354 Fed. App'x 975, 980 (6th Cir. 2009), *Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002).  "The statute of limitations may only be tolled where the circumstances are both beyond the petitioner's control and unavoidable even with due diligence."  *Robinson*, 424 Fed. App'x at 442, quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); accord *Graham-Humphreys*, 209 F.2d at 560-61.  "'The principles of equitable tolling...do not extend to what is at best a garden variety claim of excusable neglect' that causes an attorney to miss a deadline."  *Robertson*, 624 F.3d at 784, quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).

At first glance, it appears that Petitioner meets the mandatory equitable tolling requirements of *Griffin*, at least insofar as the 30-day time limitations are concerned.  He returned to state court on September 2, 2010, less than thirty days after Judge Lioi dismissed his case without prejudice on August 10, 2010.  ECF Dkt. #13; ECF Dkt. #14 at 3 in Case No. 1:09CV2084.  Petitioner also returned to federal court, albeit in the first federal habeas case, on October 5, 2010, technically within thirty days of the exhaustion of his claims in state court.

ECF Dkt. #14 in Case No. 1:09CV2084.

However, a number of facts in this case lead the undersigned to recommend that the Court deny Petitioner's request for the application of mandatory equitable tolling and his request for the application of general tolling principles.

First, Petitioner did not comply with this Court's July 23, 2010 Order that he indicate in writing his willingness to waive his unexhausted state claim or face dismissal of his entire petition without prejudice. ECF Dkt. #12 in Case No. 1:09CV2084. Petitioner's counsel does not deny receiving this Order. ECF Dkt. #8 at 4 in Case No. 1:10CV2940 (counsel reviews the July 23, 2010 Order and then states that he did not receive electronic or other notice of the Court's August 10, 2010 Dismissal Order). The electronic filing system in Case Number 1:09CV2084 shows electronic delivery of both of Judge Lioi's Orders to Margaret Amer Robey and Gregory Scott Robey at the same e-mail address used in the instant case of Robeylaw@aol.com. Compare ECF Dkt. #s 11, 12 in Case No. 1:09CV284 with Case No. 1:10CV2940. Thus, even accepting that counsel did not receive Judge Lioi's August 10, 2010 or October 8, 2010 Orders, counsel did receive but failed to respond to Judge Lioi's July 23, 2010 Order requiring Petitioner to respond in writing as to whether he was willing to waive his unexhausted claim.

Counsel does deny receiving Judge Lioi's August 10, 2010 Order of Dismissal and her October 8, 2010 Order finding Petitioner's notice of exhaustion of state court remedies untimely and improperly filed as she had already dismissed his case. The undersigned notes that the electronic filing system in Case Number 1:09CV2084, Petitioner's first habeas corpus case, shows electronic delivery of Judge Lioi's August 10, 2010 Dismissal Order and her October 8, 2010 Order to both counsel of record for Petitioner, Attorney Margaret Amer Robey at Robeylaw@aol.com, and Attorney Gregory Scott Robey at Robeylaw@aol.com. ECF Dkt. #s 13, 15 in Case No. 1:09CV2084. It appears that Attorney Margaret Amer Robey's e-mail was changed to margamer@aol.com at some point in time. While the August 10, 2010 Dismissal Order and October 8, 2010 Order were apparently sent to the incorrect e-mail of Attorney Margaret Amer Robey, the electronic filing system shows delivery of those Orders, as well as all

15

other Orders, to Attorney Gregory Scott Robey at the correct e-mail address of Robeylaw@aol.com. This is the same e-mail address used by counsel in the instant case.

Attorney Gregory Robey filed a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure in Petitioner's first habeas corpus case, requesting that the Court vacate its August 10, 2010 Order of Dismissal, asserting that Petitioner's former counsel, Margaret Amer Robey, did not receive electronic notice of that Order. ECF Dkt. #16 in Case No. 1:09CV2084. However, no indication in the docket shows that Attorney Margaret Amer Robey withdrew from that case. Further, Attorney Gregory Robey was also counsel of record in that case and electronic docketing shows that he was also e-mailed a copy of the Order. In fact, the electronic court filing system shows that the Order was e-mailed twice to Robeylaw@aol.com, once for him as attorney of record, and once for Attorney Margaret Amer Robey as attorney of record. If Attorney Margaret Amer Robey's e-mail address, or Attorney Gregory Robey's e-mail address was incorrect, it was counsel's obligation to notify the Clerk's Office in writing of any updated e-mail address. *See* Local Rule 83.5(i)("All attorneys admitted to practice in this Court are required to submit a written notice of a change of business address and/or e-mail address to the Clerk upon the change in address.").

Attorney Gregory Robey also states that he did not receive notice of Judge Lioi's October 8, 2010 Order, despite using the same e-mail address of Robeylaw@aol.com. ECF Dkt. #8 at 6. Attorney Gregory Robey indicates that because he did not know about either of Judge Lioi's Orders, he "thus reasonably assumed that the prior petition case was still proceeding not having hearing anything to the contrary..." *Id.*

However, counsel for Petitioner had an obligation to monitor the docket of his cases. If counsel received the undersigned's Report and Recommendation of July 2, 2010 and Judge Lioi's July 23, 2010 Order, which he does not deny receiving, counsel would have known that a response to the Court was necessary or Petitioner's case would be dismissed. Had he checked the docket, he would have also known that Petitioner's federal habeas corpus petition was dismissed.

"The law is clear that '[p]arties have an affirmative duty to monitor the dockets to inform themselves of the entry of orders they may wish to appeal.'" *In re Sulzer Hip Prosthesis and Knee Prosthesis Liability*, 2006 WL 4910299, at *3 (N.D. Ohio Mar. 14, 2006), unpublished, quoting *Reinhart v. U.S. Dept. of Agriculture*, 2002 WL 1492097 at *2 (6th Cir. July 10, 2002)(finding parties' obligation to check the dockets and holding that "failure of court clerk to give notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal to be timely"), cert. denied, 538 U.S. 979, 123 S.Ct. 1802, 155 L.Ed.2d 668 (2003) (quoting *In re Delaney*, 29 F.3d 516, 518 (9th Cir.1994)); *In re Jamison*, 1993 WL 492342 at *2 (6th Cir. Nov.24, 1993) ("failure [by the Court] to notify a party of the entry of judgment" does not extend the time for appeal, "as each party has an independent duty to monitor the progress of his case")(citing *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409,1411-12 (9th Cir.1986)). In *In re Sulzer*, Judge O'Malley noted the ease with which attorneys can now monitor federal court dockets, noting that:

> Unlike a decade ago, when law firms often hired "runners" to physically go to the courthouse to check the docket, monitoring the docket of a federal case today does not require an attorney even to leave the seat in front of his computer.

2006 WL 4910299, at *6.

In the instant case, neither attorney of record for Petitioner undertook the simple duty of checking the docket, and neither has provided a good explanation for not doing so, especially when the last Order that counsel admits receiving in this case required a written indication to the Court about Petitioner's intention of going forward with his claims.

In addition, Petitioner waited well over two months to file the instant federal habeas corpus petition after Judge Lioi issued her August 8, 2010 Order finding that his notice of exhaustion was untimely and improperly filed and informing him that he could file a new lawsuit if he believed that he had properly exhausted his claims. He also waited until September 7, 2011 to file his Rule 60(b) motion in the first federal habeas case.

For these reasons, the undersigned recommends that the Court find that mandatory equitable tolling and general principles of equitable tolling do not apply to the instant federal

habeas corpus petition.

## IV.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's federal habeas corpus petition as untimely and dismiss Petitioner's federal habeas corpus petition.  ECF Dkt. #6.


Date: September 22, 2011                    */s/George J. Limbert*
                                                                  GEORGE J. LIMBERT
                                                                  UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).